**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| KAITLYN EDWARDS, | : | CIVIL CASE NO. |
| PLAINTIFF, | : | |
| | : | |
| VS. | : | |
| | : | |
| CITY OF BRIDGEPORT, | : | |
| DEFENDANT. | : | JANUARY 24, 2023 |

**COMPLAINT**

**I.    PRELIMINARY STATEMENT**

1.  This action is brought against the defendant, City of Bridgeport, pursuant to Title VII of the Civil Rights Act of 1964, as amended, in which the plaintiff seeks declaratory, injunctive and equitable relief, and compensatory damages, and costs and attorney fees for the unlawful gender discrimination suffered by the plaintiff when the defendant terminated her employment as a police officer on the Bridgeport Police Department.

2.  Additionally, this action is brought against the defendant, City of Bridgeport, pursuant to the Connecticut Fair Employment Practices Act, Connecticut General Statutes §46a-58 et seq. in which the plaintiff seeks declaratory, injunctive and equitable relief, and compensatory damages, and costs and attorney fees for the

1

unlawful gender discrimination suffered by the plaintiff when the defendant

terminated her employment as a police officer on the Bridgeport Police Department.

**II.    JURISDICTION**

3.    This action arises under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e,

et seq., and the Civil Rights Act of 1991, 42 U.S.C. §1981a.

4.    Jurisdiction is invoked pursuant to Title 28 U.S.C. § 1331, Title 28 U.S.C. §

1343(a)(3), Title 28 U.S.C. § 1343(a)(4), Title 28 U.S.C. § 1367, Title 28 U.S.C. §

2201(a), and Title 42 U.S.C. §2000e-5(f).

5.    All conditions precedent to jurisdiction under Section 706 of Title VII of the Civil

Rights Act of 1964, Title 42 U.S.C. §2000e-5(f)(3), have occurred or have been

complied with in the following manner:

    a.    A charge of employment discrimination on the basis of gender was filed with

the United States Equal Employment Opportunity Commission, which filing

was within 300 days of the commission of the unlawful employment practice

alleged therein;

    b.    On January 18, 2023, the plaintiff was issued a "Dismissal and Notice of

Rights" by the United States Equal Employment Opportunity Commission.

*Exhibit 1.*

c.    A complaint of employment discrimination on the basis of gender was filed with the State of Connecticut Commission on Human Rights and Opportunities, which filing was within 300 days of the commission of the unlawful employment practice alleged therein;

d.    On January 11, 2023, the plaintiff was issued a "Release of Jurisdiction" by the State of Connecticut Commission on Human Rights and Opportunities. *Exhibit 2.*

6.    Declaratory, injunctive, compensatory and equitable relief is sought pursuant to Title 28 U.S.C. §2201, §2202 and Title 42 U.S.C. §2000e-5(g). Compensatory damages are sought pursuant to Title 42 U.S.C. §1981a.

7.    Costs and attorney fees may be awarded pursuant to Title 42 U.S.C. §2000e-5(k), and Title 42 U.S.C. §1988.

## III.    <u>VENUE</u>

8.    This action properly lies in the District of Connecticut pursuant to Title 42 U.S.C. §2000e-5(f)(3), because the unlawful employment practice of which the plaintiff complains was committed in this judicial district, and the defendant is a political subdivision of the state of Connecticut and is located within the geographical boundaries of the district of Connecticut.

IV.    **PARTIES**

9.    The plaintiff is a female citizen of the United States.

10.    The defendant, city of Bridgeport, is a municipal corporation organized and existing under the laws of the state of Connecticut.

11.    The defendant, city of Bridgeport, employs 15 or more employees.

12.    The defendant, city of Bridgeport, is a person within the meaning of Section 701(a) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(a).

13.    The defendant, city of Bridgeport, is an employer within the meaning of Section 701(b) of Title VII of the Civil Rights Act of 1964, Title 42 U.S.C. §2000e(b).

V.    **STATEMENT OF FACTS**

14.    On September 14, 2020, the defendant hired the plaintiff as a police officer serving on the Bridgeport Police Department and assigned to the Bridgeport Police Academy, as a trainee.

15.    On June 8, 2021, the defendant terminated the plaintiff's employment during her probationary period of employment as a police officer.

16.    At the time of her termination, the plaintiff had just graduated on May 7, 2021, from the Bridgeport Police Academy.

17.    Throughout her employment with the defendant, the plaintiff had a capable work record.

18.    The defendant terminated the plaintiff's employment because it falsely alleged that the plaintiff, while off duty, had violated various Bridgeport Police Department rules and regulations relating to the alleged criminal conduct of third parties unrelated to the plaintiff.

19.    On May 16, 2021, at approximately 12:40 a.m., after attending a birthday celebration for a friend of the plaintiff at a local restaurant, the plaintiff joined other friends at a party taking place at 1023 Main Street, Bridgeport, Connecticut, which was a city block from her residence.

20.    Approximately forty-five minutes to sixty minutes after the plaintiff arrived at the party, gunshots rang out, and the plaintiff, along with other party goers, sought safety in a nearby room.

21.    Seeking to escape from the room where the gunplay was occurring, the plaintiff fell to the floor, but was able to recover and run into the adjoining room, hiding under a desk while the shooting continued.

22.    After a few minutes, the door to the room, in which the plaintiff had sought safety, opened and the plaintiff, and the individuals, who like the plaintiff had sought refuge there, exited from the room.

23.    The plaintiff, on exiting from the room, searched for her purse, wallet, police badge, and keys, which she had left behind when initially fleeing from the room.

24.    The plaintiff could only find her keys and her purse, which had been emptied.

25.    While searching for the items which she had left behind, the plaintiff observed two victims of the gunplay, both of whom had been fatally shot, one victim was being attended by various people, and the second victim was unattended.

26.    Contemporaneous with the plaintiff searching for her missing items, police officers, including Police Officer Villafane, arrived on the scene.

27.    The plaintiff immediately identified herself to one of the officers, Police Officer Villafane, and informed him that she had lost her wallet, which contained her police badge.

28.    After informing Police Officer Villafane that she had been present during the shooting, and that she had lost her wallet with her police badge, the plaintiff exited the building and walked to her residence.

29.    At approximately 3:30 a.m., the plaintiff was interviewed by Lieutenant Christopher Lamaine of the Bridgeport Police Department Detective Division, and subsequently submitted a written statement regarding the events of the early morning hours to Acting Police Chief Garcia.

30.    The plaintiff was not a sponsor or organizer of the party at 1023 Main Street, Bridgeport, Connecticut.

31.    The plaintiff was off duty from her police officer trainee employment at the time of the incident.

32.    As a police officer who had just graduated from the Bridgeport Police Academy, the plaintiff was prohibited from carrying her firearm while off duty.

33.    At the time of the gunfire on May 16, 2021, the plaintiff was completely unarmed.

34.    The plaintiff has never been accused, charged, or convicted of criminal misconduct relating to her attendance at the May 16, 2021, party.

35.    The plaintiff has never been accused, charged, or found culpable of any civil violations relating to her attendance at the May 16, 2021, party.

36.    The plaintiff's presence at the party neither increased nor diminished the survival chances of the two individuals who had been fatally shot.

37.    The plaintiff's presence at the party did not cause nor contribute to two individuals being fatally shot.

38.    The plaintiff was not complicit in any criminal activity occurring on May 16, 2021.

39.    The only accusations lodged against the plaintiff were violations of police department rules and regulations.

40.    The Bridgeport Police Department moved to terminate the plaintiff's employment on the basis of her alleged violations of department rules and regulations, which were unrelated to her actions as a police officer.

41.  Section 213 (a) of the Charter of the City of Bridgeport, provides, in part, "they may terminate the employment of the person…during the performance test thus afforded, upon observation or consideration of the performance of duty, they deem [her] unfit for service…"

42.  The defendant did not terminate the plaintiff's employment based on its observation or consideration of the performance of her duty as a police officer.

43.  Acting Chief Garcia provided duplicitous information in advocating for the plaintiff's termination as a Bridgeport Police Officer when she asserted that the plaintiff should have provided medical assistance to the two fatally shot individuals, ignoring the fact that not a single responding police officer rendered assistance to the victims of the shooting.

44.  Acting Chief Garcia illogically claimed that the arriving officers could not render assistance because they did not know if they were dealing with an active shooter, implying that the plaintiff, who had been in hiding, fearful for her life, would have been in a better position to have cleared the room of the threat of an active shooter, and therefore was at fault for not rendering assistance.

45.  The punishment exacted on the plaintiff far exceeded the punishment imposed by the defendant on similarly situated male officers.

46.    Similarly situated male police officers. who had been convicted of crimes, including

crimes of violence, and have not been terminated by the defendant.

47.    Similarly situated male police officers, who have committed violations of

departmental rules and regulations, comparable and, in cases, more serious than the

plaintiff's alleged violations, have not been terminated by the defendant.

48.    Similarly situated male police officers, who have been charged with criminal

violations, have been allowed to keep their employment pending the outcome of the

criminal process.

49.    The following male officers committed more serious violations than the plaintiff, and

were not discharged from their positions:

a.    Officer Steven Figueroa was arrested for criminal mischief and domestic

violence, and was not terminated by the defendant;

b.    Officer Jose Sepulveda was criminally charged with first degree threatening,

first degree criminal mischief and second degree breach of peace for

threatening to kill his former girlfriend, while displaying his service revolver,

and was not terminated by the defendant;

c.    Officer Paul Cari pled guilty to criminal charges of threatening in the second

degree, and breach of peace in the second degree, receiving sentences of 1

Year Jail, Execution Suspended, Conditional Discharge 2 Years, and 6

Months Jail, Execution Suspended, Conditional Discharge 2 Years, and was not terminated by the defendant;

d.  Sergeant Pasquale Feola was accused of soliciting sex from a woman after he pulled her over for a traffic stop, and was not terminated by the defendant;

e.  Detective David Garcia was found to have violated department rules when he sent graphic, obscene, repulsive text messages to the victim of a crime of which he was investigating;

f.  Detective David Garcia did not have his employment terminated by the defendant;

g.  Police Officer Steven Figueroa had been arrested for domestic violence on three different occasions by three separate police departments, and the defendant only terminated his employment when he was arrested again and charged, among other crimes, with sexual assault.

50.  Male officers committed more serious violations of the rules and regulations of the Bridgeport Police Department, including committing serious criminal offenses, and went unpunished by the defendant, while the plaintiff, who was neither charged, arrested, nor convicted of a criminal violation, was terminated by the defendant.

51.  The defendant favors male officers of the Bridgeport Police Department in the punishment it imposes, allowing the male officers to escape punishment for not only

violating department rules and regulations but for violating the criminal statutes of the State of Connecticut, while terminating the plaintiff for, at most, disputed violations of department rules and regulations.

52.     The Bridgeport Police Department has a history of punishing female police officers more harshly than male police officers for similar violations of department rules and regulations, being criticized in an arbitration award in which the arbitrator found the defendant palpably guilty of blatant gender discrimination in the case of City of Bridgeport and AFSCME, Council # 15, Case No. 12 390 00660 10.

53.     The defendant did not have a legitimate, non-discriminatory reason for treating the plaintiff more harshly than it treated similarly situated male officers.

54.     The plaintiff has suffered financially because of the defendant's discriminatory conduct.

55.     The plaintiff has suffered emotional distress because of the defendant's discriminatory conduct.

**VI.    FIRST CAUSE OF ACTION (VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED)**

56-110. The plaintiff incorporates as if re-alleged paragraphs 1 through 55.

111.   The defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended when it terminated the plaintiff's employment, treating her more harshly than the manner in which it treated similarly situated male police officers.

112.   The plaintiff is now and will continue to suffer emotional distress as a direct result of the defendant's gender discrimination.

113.   The defendant was motivated by the plaintiff's gender when it terminated her employment as a police officer.

114.   Because the plaintiff's gender was a motivating factor and made a difference in the decision by the defendant to terminate the plaintiff's employment, the defendant violated the provisions of Title VII of the Civil Rights Act of 1964, as amended.

115.   The defendant engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended.

116.   The defendant intentionally engaged in discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under Title VII of the Civil Rights Act of 1964, as amended, by terminating the plaintiff's employment as a police officer, treating her more harshly than the manner in which it treated similarly situated male police officers.

117.    As a result of the unlawful act of the defendant, which violated the express provisions of Title VII of the Civil Rights Act of 1964, as amended, the plaintiff has suffered economic losses.

**VII.    SECOND CAUSE OF ACTION (Violation of Connecticut Fair Employment Practices Act)**

118-172.The plaintiff incorporates as if re-alleged paragraphs 1 through 55.

173.    The defendant discriminated against the plaintiff on the basis of her gender in violation of the Connecticut Fair Employment Practices Act when it terminated her employment.

174.    The defendant engaged in gender discrimination against the plaintiff with malice or reckless indifference to the plaintiff's rights under the provisions of the Connecticut Fair Employment Practices Act.

175.    The defendant's termination of the plaintiff's employment constitutes unlawful  gender discrimination.

176.    The plaintiff has suffered and will continue to suffer pecuniary losses as a direct result of the defendant's gender discrimination.

177.    The plaintiff has suffered severe emotional distress as a direct result of the defendant's gender discrimination.

## VIII.   **PRAYER FOR RELIEF**

WHEREFORE, THE PLAINTIFF PRAYS THAT THIS COURT:

As to the First Cause of Action:

(a)   Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

(b)   Enjoin the defendant from engaging in such conduct;

(c)   Award plaintiff the equitable relief of back salary and fringe benefits up to the date of judgment, together with prejudgment interest for that entire period as well as front salary and benefits accrual;

(d)   Award the plaintiff the equitable relief of reinstatement to her former employment;

(e)   Award plaintiff compensatory damages;

(f)   Award plaintiff her costs and attorney fees; and

(g)   Grant such other and further relief as the Court may deem just and proper.

As to the Second Cause of Action:

(a) Declare the conduct engaged by the defendant to be in violation of the plaintiff's rights;

(b) Enjoin the defendant from engaging in such conduct;

(c) Award plaintiff the equitable relief of back salary and fringe benefits up to the date of judgment, together with prejudgment interest for that entire period as well as front salary and benefits accrual;

(d) Award the plaintiff the equitable relief of reinstatement to her former employment;

(e) Award plaintiff compensatory and punitive damages;

(f)  Award plaintiff her costs and attorney fees; and

(g)  Grant such other and further relief as the Court may deem just and proper.


**THE PLAINTIFF REQUESTS A TRIAL BY JURY.**


THE PLAINTIFF – KAITLYN EDWARDS

BY /s/ Thomas W. Bucci
  Thomas W. Bucci
  Fed. Bar #ct07805
  WILLINGER, WILLINGER & BUCCI, P.C.
  1000 Bridgeport Avenue
  Suite 501
  Shelton, CT  06484
  Tel: (203) 366-3939
  Fax: (475) 269-2907
  Email: Tbucci@wwblaw.com

**PLAINTIFF'S EXHIBIT**

1

ALL-STATE LEGAL®

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DISMISSAL AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161 & 161-A)

Issued On: 01/18/2023

**To:** Kaitlyn Edwards
1115 Main Street, Suite 205
Bridgeport, CT 06604

Charge No: 16A-2022-00488

EEOC Representative and email:    AMON KINSEY
Supervisory Investigator
holly.shabazz@eeoc.gov

### DISMISSAL OF CHARGE

The EEOC is closing this charge because: Charging Party is pursuing claims in another forum.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Timothy Riera
01/18/2023
Timothy Riera
Acting District Director



# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Kaitlyn Edwards
**COMPLAINANT**

vs.

City of Bridgeport
**RESPONDENT**

CHRO No. 2220235
EEOC No. 16A-2022-00488

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** January 11, 2023

Tanya A. Hughes, Executive Director

Service:

**Complainant:** Kaitlyn Edwards (Via Email - kedward1@aggies.ncat.edu)
**Complainant's Attorney:** Thomas W. Bucci, Esq. (Via Email –tbucci@wwblaw.com)
**Respondent's Attorney:** John Bohannon, Esq. (Via Email - john.bohannon@bridgeportct.gov)